BOWSHIER, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Bowshier *v.* Limbach (1990), 52 Ohio St. 3d 140.]

(No. 89-783—Submitted April 3, 1990—Decided June 27, 1990.)

*Juergens, Juergens & Busch* and *U. Timothy Juergens,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Richard C. Farrin* and *David G. Lambert,* for appellant.

*Per Curiam.* The commissioner argues that R.C. 5739.16 bars only assessments made against vendors or consumers and not those against corporate officers assessed personally under R.C. 5739.33. Bowshier responds that, since a corporate officer stands charged in place of the corporate vendor, R.C. 5739.16 also applies to the corporate officer's derivative assessment. We hold that R.C. 5739.16 does not time bar R.C. 5739.33 assessments against corporate officers.

R.C. 5739.33, during the audit period, provided:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. * * *"

R.C. 5739.16(A) provides:

"No assessment shall be made or issued against a vendor or consumer for any tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, 5739.026, or 5739.10 of the Revised Code more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period is filed, whichever is later. * * *"

We held, in *Rowland* v. *Collins* (1976), 48 Ohio St. 2d 311, 2 O.O. 3d 450, 358 N.E. 2d 582, that R.C. 5739.33 binds the corporate officer to a conclusive assessment against the corporation and that the officer cannot challenge the underlying assessment. We there concluded that the R.C. 5739.33 assessment was derivative in nature. However, we did not hold, contrary to the court of appeals' ruling in the instant case, that an officer receives the same protections that the corporation, as vendor, receives. Instead, we held that the corporation, not the corporate officer, is the "vendor," and that "* * * a corporate officer made personally liable pursuant to R.C. 5739.33 is not entitled to all the procedural and substantive rights afforded a 'vendor' by R.C. Chapter 5739." *Id.* at 314, 2 O.O. 3d at 452, 358 N.E. 2d at 584. In *Rowland,* we decided that an officer was not entitled to a "sixty-day" letter under R.C. 5739.03, in which procedure a vendor would have sixty days to secure "let-

ters of usage" to avoid an assessment by showing that sales were exempt from taxation.

Thus, the corporation, not its officers, is the vendor mentioned in R.C. 5739.16. Consequently, R.C. 5739.16 does not time bar assessments against corporate officers under R.C. 5739.33.

Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I must respectfully dissent from the majority opinion which in my view completely misconstrues the legal effect of the statute of limitations contained in R.C. 5739.16. I believe, as did the court of appeals, that R.C. 5739.16 bars assessments against corporate officers who are held personally liable for their corporation's tax debt pursuant to R.C. 5739.33.

In Ohio, the legal effect of a statute of limitations is to bar the owner of the claim from employing remedial measures to collect the debt. It is the claimant's remedies, not the validity or existence of the claim, which are affected. *Taylor* v. *Thorn* (1876), 29 Ohio St. 569.

In the case *sub judice* the majority incorrectly focused its analysis on the liability of the corporate officer while ignoring the claimant's ability to assert her claim. It is immunity which protects individuals and entities from liability. The statute of limitations bars the assertion of claims.

The claim in the case at bar arose from the corporation's failure to remit its assessed tax under the provisions of R.C. 5739.01 to 5739.31, inclusive. It is this same claim for which R.C. 5739.33 imposes personal liability on the corporate officer. However, the Tax Commissioner is precluded from asserting this claim regardless of who may be liable therefor.

By enacting R.C. 5739.16 the General Assembly sought to bar claimants from litigating stale claims. Today's decision, however, does violence to such legislative purpose. Because I believe the result of today's decision is contrary to the purpose and intent of R.C. 5739.16, I must respectfully dissent.