CECCARELLI, APPELLANT, *v.* LEVIN, TAX COMMR., APPELLEE.

[Cite as *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681.]

*Taxation — Motor-fuel tax — R.C. 5735.12 — Four-year limit on assessments applicable to assessments on individuals liable as responsible parties under R.C. 5735.35.*

(No. 2009-2217 — Submitted October 13, 2010 — Decided November 24, 2010.)

APPEAL from the Board of Tax Appeals, No. 2007-V-391.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a decision of the Board of Tax Appeals ("BTA") that affirmed an assessment against the appellant, Jack Ceccarelli, of motor-fuel-tax liabilities reported but not fully paid for April, May, June, and August 2000. Ceccarelli was assessed not as a motor-fuel dealer himself, but rather as a "responsible party" by virtue of his status as owner and president of Restructure Petroleum Marketing Services, Inc. ("RPMS"). RPMS itself had previously been assessed for the unpaid taxes, which amounted to $396,565.16. The tax commissioner found that Ceccarelli was a responsible party who was liable to pay the amount assessed against the corporation because he was the indirect owner and the president of RPMS.

{¶ 2} Before the BTA, Ceccarelli did not contest his status as a responsible party under the statute, but instead asserted that the assessment was barred because it had been issued after the statutory four-year limitation period expired. The tax commissioner argued that the limitation statute in question, R.C. 5735.12, applies to assessments issued against motor-fuel dealers, but not to assessments issued against "responsible parties" who were their officers or

employees. The BTA agreed with the commissioner's position and affirmed the assessment against Ceccarelli.

{¶ 3} On appeal, Ceccarelli again contends that the four-year limitation also applies to assessments against employees or officers of motor-fuel dealers who qualify as responsible parties. We agree, and we therefore reverse the decision of the BTA.

## Facts

{¶ 4} Underlying the assessment against Ceccarelli in this case are four assessments previously issued against RPMS pertaining to motor-fuel taxes reported but not fully paid for April, May, June, and August 2000. Jack Ceccarelli was identified as corporate president of RPMS on filings with the office of the Ohio secretary of state and in correspondence with the Ohio Department of Taxation. The four months of unpaid taxes amounted to $396,565.16, finally totaling $665,797 after assessment of interest and penalties.

{¶ 5} RPMS had belatedly filed motor-fuel-tax returns for April, May, June, and August 2000 on July 7, December 19, September 18, and December 11, 2000, respectively. The commissioner issued his assessment against Ceccarelli as a responsible party on February 24, 2005 — more than four years after the tax reports had been filed.

{¶ 6} The record is sparse, but Ceccarelli has not disputed the commissioner's findings of fact. The commissioner found that Ceccarelli was not only president of RPMS, but also "100% owner of Restructure, Inc., who owned 100% of RPMS." The final determination also relied on filings and correspondence signed by Ceccarelli to establish that he "had the authority to exercise control of the corporation's fiscal responsibilities," a criterion for responsible-party liability under R.C. 5735.35(A).

## Analysis

**{¶ 7}** The third paragraph of R.C. 5735.12(A) states: "No assessment shall be made against any motor fuel dealer for taxes imposed by this chapter more than four years after the date on which the report on which the assessment was based was due or was filed, whichever is later. This section does not bar an assessment against any motor fuel dealer who fails to file a report required by section 5735.06 of the Revised Code, or who files a fraudulent motor fuel tax report." Thus, when motor-fuel-tax reports have been filed late, the four-year limitation period runs from the time of filing. It is undisputed in the present case that the commissioner issued the assessment against Ceccarelli more than four years after the filing of the underlying corporate motor-fuel-tax reports.

**{¶ 8}** The question is whether the four-year time limitation set forth in R.C. 5735.12(A) applies to assessments against employees or officers of motor-fuel dealers who qualify as responsible parties pursuant to R.C. 5735.35. R.C. 5735.35(A)(2) provides that the "sum due for the liability [of responsible parties] may be collected by assessment in the manner provided in sections 5735.12 and 5735.121 of the Revised Code." The BTA affirmed the commissioner's assessment, holding that the four-year limitation does not apply to responsible-party assessments. Ceccarelli asserts that the "manner" of assessment against him as a responsible party incorporates the four-year limitation on assessment against motor-fuel dealers. This question of statutory construction presents an issue of law that we determine de novo on appeal. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

> *R.C. 5735.35(A)(2) provides that motor-fuel-tax liabilities of responsible parties be assessed "in the manner" of assessments issued against motor-fuel dealers, and the manner of assessment includes the four-year limitation in R.C. 5735.12(A)*

**{¶ 9}** In *Bowshier v. Limbach* (1990), 52 Ohio St.3d 140, 556 N.E.2d 463, we considered whether an assessment of sales tax against a responsible

corporate officer was barred by the four-year limitation on sales-tax assessments set forth at R.C. 5739.16(A). That section explicitly imposed the time limit on assessments "issued against a vendor or consumer," and because of that restrictive language, we held that the limitation did not apply to assessments against responsible parties, who were neither vendors nor consumers under the sales-tax law. The commissioner regards *Bowshier* as dispositive here.

{¶ 10} As an initial matter, the commissioner points to the fact that the third paragraph of R.C. 5735.12(A) limits the prohibition against assessments to assessments issued against "any motor fuel dealer." Similarly, in *Bowshier*, R.C. 5739.16(A)'s limitation restricted assessments against vendors and consumers — not against responsible parties who were assessed when the primary obligors failed to discharge their legal duties.

{¶ 11} But this argument overlooks a crucial distinction between the motor-fuel-tax statutes and the sales-tax law. R.C. 5735.12(A) both authorizes motor-fuel-tax assessments and imposes the four-year limitation on assessments against motor-fuel dealers. By contrast, the statute of limitation for *sales-tax* assessments is set forth in R.C. 5739.16, which is an entirely different section from the section that authorizes the tax commissioner to make assessments (R.C. 5739.13).

{¶ 12} The distinction is significant because the respective code sections that address responsible-party liability provide that assessments against responsible parties should be made "in the manner provided" in the section that authorizes the making of assessments. R.C. 5739.33 (sales tax); R.C. 5735.35 (motor-fuel tax). As a result, the language of R.C. 5739.33 incorporates the sales-tax-assessment provisions at R.C. 5739.13, but does not incorporate the four-year limitation at R.C. 5739.16. By contrast, R.C. 5739.35 does incorporate the time limitation because the limitation is set forth in R.C. 5735.12.

**{¶ 13}** To be sure, the commissioner can argue that the "manner" of making assessments does not encompass the timing of those assessments, but that argument is unavailing. "Manner" means "a mode of procedure or way of acting." *Merriam-Webster's Collegiate Dictionary* (11th Ed.2006) 756. While time limitations may in some contexts be distinguished from other aspects of a "mode of procedure," we see no justification for regarding the time for making an assessment as any less a part of the statutorily prescribed procedure in this context. Quite simply, R.C. 5735.12 sets forth a mode of procedure for assessment that includes the four-year limitation, and R.C. 5735.35 incorporates that mode of procedure (including the time limitation) by reference.

*The commissioner's exclusive focus on R.C. 5735.12(A) is not justified, because it would accord no significance to the language of R.C. 5735.35(A)(2)*

**{¶ 14}** The commissioner also argues that because R.C. 5735.12(A) itself authorizes assessments against responsible parties, there is no need or justification for an incorporation by reference of the time limitation by virtue of R.C. 5735.35(A)(2). Under the tax commissioner's reading of the statutes, the proper method of determining the scope of the four-year limitation on assessments is to construe the assessment and time-limitation provisions within the four corners of R.C. 5735.12(A).

**{¶ 15}** The second paragraph of R.C. 5735.12(A) states as follows:

**{¶ 16}** "If *any person required by this chapter to* file reports and *pay the taxes*, interest, or additional charge levied by this chapter fails to file the report, files an incomplete or incorrect report, or fails to remit the full amount of the tax, interest, or additional charge due for the period covered by the report, the commissioner may make an assessment *against the person* based upon any information in the commissioner's possession." (Emphasis added.)

**{¶ 17}** The third paragraph then sets forth the time limitation:

**{¶ 18}** "No assessment shall be made against any *motor fuel dealer* for taxes imposed by this chapter more than four years after the date on which the report on which the assessment was based was due or was filed, whichever is later." (Emphasis added.)

**{¶ 19}** The commissioner relies on the contrast between the broad language authorizing assessments against "any person" with liabilities under the motor-fuel-tax law and the third paragraph's reference to "motor fuel dealer": under this reading, the contrasting language means that the four-year limitation should not be viewed as incorporated into the manner for making assessments against responsible parties.

**{¶ 20}** We disagree. To adopt the commissioner's proposed reading would violate the precept that we "should construe statutes to give effect to all the enacted language." *Church of God in N. Ohio v. Levin*, 124 Ohio St.3d 36, 2009-Ohio-5939, 918 N.E.2d 981, ¶ 30, citing *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 251, 34 O.O. 151, 70 N.E.2d 888 (courts should " 'accord meaning to each word of a leglislative [sic] enactment if it is reasonably possible to do so' "). Namely, the commissioner's construction of the statutes would make a nullity out of R.C. 5735.35(A)(2)'s mandate that assessments against responsible parties be made "in the manner provided in sections 5735.12 and 5735.121 of the Revised Code."

**{¶ 21}** Although we acknowledge that the contrasting language of the second and third paragraphs of R.C. 5735.12(A) may imply that *some* persons who are subject to being assessed do not enjoy the benefit of the four-year time limitation,[1] we reject the contention that the employees, officers, or trustees of a

---

1. The motor-fuel-tax statutes authorize assessments against some persons who may not themselves qualify either as motor-fuel dealers or as responsible-party employees, officers, or trustees of a motor-fuel dealer. See, e.g., R.C. 5735.064(C), 5735.101, 5735.123, and 5735.124. Because the present case involves an assessment against a corporate officer of a motor-fuel dealer, we need not and do not address the applicability of the four-year limitation to assessments against

motor-fuel dealer fall within that category. Because assessments against employees, officers, or trustees of a motor-fuel dealer must be made "in the manner provided in" R.C. 5735.12, and because that section imposes the four-year time limit on assessments against the motor-fuel dealer itself, we hold that assessments against a motor-fuel dealer's employees, officers, or trustees as responsible parties are also subject to the four-year limitation period. As a result, the assessment against Ceccarelli in this case was time-barred.

**{¶ 22}** Finally, we address the commissioner's contention that any "doubt concerning the reasonableness and lawfulness of the Commissioner's and the BTA's interpretation of R.C. 5735.12(A)" should be "resolved against Mr. Ceccarelli's statute of limitation claim." This argument is premised on the doctrine that a statute of limitations does not restrain the state unless the restraint is expressly provided for in the statute. See *State ex rel. Springfield City School Dist. Bd. of Edn. v. Gibson* (1935), 130 Ohio St. 318, 320-321, 4 O.O. 352, 199 N.E. 185 (holding that although the state is immune from statutes of limitation and such immunity "can only be waived by express provision to that effect within the statute," the state's immunity does not extend to a political subdivision); *Seeley v. Thomas* (1877), 31 Ohio St. 301, 308 (laches does not run against the state); *State ex rel. Parrott v. State Bd. of Public Works* (1881), 36 Ohio St. 409, 414 (statute providing for payment of interest with late payment did not apply to state); *Heddleston v. Hendricks* (1895), 52 Ohio St. 460, 465, 40 N.E. 408 (no adverse possession against the state). Unlike the cases cited, however, the present case involves an explicit limitation on state authority, i.e., the power to issue tax assessments. By contrast, the cited cases hold only that a *general* statute that binds *private litigants* does not bind the state absent express language to that

---

any person who is assessed on some basis other than his or her status as an employee, officer, or trustee of a motor-fuel dealer.

effect. The cases are inapposite, and the doctrine they articulate does not apply to the four-year limitation at issue.

**Conclusion**

**{¶ 23}** Because the BTA acted unlawfully when it upheld the assessment of unpaid motor-fuel taxes against Ceccarelli, we reverse the decision of the BTA.

Decision reversed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Carlile, Patchen & Murphy, L.L.P., Leon Friedberg, and Robert T. Castor, for appellant.

Richard Cordray, Attorney General, and Barton A. Hubbard and Sophia Hussain, Assistant Attorneys General, for appellee.

_____