[Cite as *Schmitt v. Schmitt*, 2022-Ohio-1685.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joseph T. Schmitt, | : | |
| Plaintiff-Appellee, | : | |
| Mark Schmitt, | : | |
| | | No. 21AP-328 |
| Plaintiff-Appellant, | : | (C.P.C. No. 20CV-5630) |
| v. | : | (REGULAR CALENDAR) |
| Stephen Schmitt et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 19, 2022

**On brief:** *Arnold & Clifford, LLP, James E. Arnold,* and *Tiffany L. Carwile*, for appellant. **Argued:** *Tiffany L. Carwile.*

**On brief:** *Reminger Co., L.P.A., Patrick Kasson, Brandon Abshier,* and *Steven A. Chang*, for appellee The Jet Container Company **Argued:** *Steven A. Chang.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Plaintiff-appellant, Mark Schmitt, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for advancement of litigation expenses. For the following reasons, we reverse.

I. **Facts and Procedural History**

{¶ 2} Defendant-appellee, The Jet Container Company ("Jet Container"), is a family business. Jet Container has five shareholders: Richard Prohl and four brothers,

Mark Schmitt, Joseph T. Schmitt, Stephen Schmitt, and Michael Schmitt.  Additionally, all five of the shareholders are the only members of Jet Container's board of directors.  Mark is the former chief financial officer ("CFO") of Jet Container.

{¶ 3}   Jet Container has articles of incorporation and a buy-sell agreement, both of which are silent as to the advancement of litigation expenses.  However, the buy-sell agreement does have an indemnification provision providing that Jet Container shall indemnify its shareholders and officers "to the full extent permitted by the Ohio Revised Code."  (Pls.' Ex. A, Buy-Sell Agreement Section 3.2., attached to Aug. 25, 2020 Compl.)

{¶ 4}   On August 25, 2020, Mark and Joseph filed a complaint against Stephen, Michael, Prohl, and Jet Container asserting claims of breach of contract, breach of fiduciary duty, civil conspiracy, and declaratory judgment.  The claims arose from the termination of Mark's and Joseph's employment with Jet Container on July 31, 2020.  Subsequently, on December 7, 2020, Jet Container filed a counterclaim against Mark asserting claims of breach of fiduciary duty and conversion.

{¶ 5}   In response to the filing of the counterclaim, Mark, through his counsel,  sent a letter dated December 23, 2020 to counsel for Jet Container requesting an advancement of litigation expenses, including attorney fees, pursuant to R.C. 1701.13(E)(5).  Additionally, Mark executed an undertaking in which he agreed to repay any amount advanced to him if a court determined that his actions or failure to act involved a deliberate intent to injure Jet Container or constituted a reckless disregard for Jet Container's best interest.  Counsel for Jet Container responded via email on January 5, 2021 that it was denying Mark's request for advancement of expenses on the grounds that the claims against Mark are not made against him in his capacity as a director of the corporation.

{¶ 6}   On February 5, 2021, Mark filed a motion for advancement of litigation expenses pursuant to R.C. 1701.13(E)(5)(a).  Jet Container opposed the motion in a February 19, 2021 memorandum contra.  Mark filed a reply in support of his motion on March 5, 2021.  Jet Container then filed a motion for leave to file a surreply to Mark's motion on the basis that Mark had used his reply in support to advance new arguments for his motion for advancement of expenses.  Mark filed an objection to Jet Container's motion seeking leave.

{¶ 7}   In a June 3, 2021 decision and entry, the trial court granted Jet Container's motion for leave to file a surreply and denied Mark's motion for advancement of litigation expenses.  The trial court determined that because Jet Container brought the counterclaim against Mark solely in his capacity as an officer, not as a director, R.C. 1701.13(E)(5)(a) is not applicable and, therefore, Mark is not entitled to advancement of litigation expenses. Mark timely appeals.

## II.  Assignment of Error

{¶ 8}   Mark assigns the following error for our review:

> The trial court erred in denying Mark Schmitt's Motion for Advancement of Litigation Costs.

## III.  Discussion

{¶ 9}   In his sole assignment of error, Mark argues the trial court erred in denying his motion for advancement of litigation expenses.  Through his argument, Mark asserts the trial court erred in its application of R.C. 1701.13(E)(5)(a).

{¶ 10} Generally, statutory construction is a question of law subject to de novo review.  *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8; *State v. Fraternal Order of Police of Ohio, Inc., Ohio Labor Council, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 12, citing *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 9.  A court's duty is to give effect to the words used in a statute, not to delete or insert words.  *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10.  "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation.  An unambiguous statute is to be applied, not interpreted."  *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed.  Otherwise, allegations of ambiguity become self-fulfilling."  *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11.

{¶ 11} R.C. 1701.13 provides for the advancement of expenses to a director of a corporation.  *Miller v. Miller*, 132 Ohio St.3d 424, 2012-Ohio-2928, ¶ 22.  At issue here is R.C. 1701.13(E)(5), which provides:

(a) Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation and unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1701.95 of the Revised Code, expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which the director agrees to do both of the following:

(i) Repay that amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;

(ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding.

(b) Expenses, including attorney's fees, incurred by a director, trustee, officer, employee, member, manager, or agent in defending any action, suit, or proceeding referred to in division (E)(1) or (2) of this section, may be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, as authorized by the directors in the specific case, upon receipt of an undertaking by or on behalf of the director, trustee, officer, employee, member, manager, or agent to repay that amount, if it ultimately is determined that the person is not entitled to be indemnified by the corporation.

R.C. 1701.13(E)(5)(a) through (b).

{¶ 12} Pursuant to the statute, R.C. 1701.13(E)(5) provides for both mandatory and permissive advancement of expenses in subsections R.C. 1701.13(E)(5)(a) and (b), respectively. *Miller* at ¶ 28 (R.C. 1701.13(E)(5)(a) is mandatory in its application); *Magnus Internatl. Group, Inc. v. Forster*, 8th Dist. No. 105948, 2018-Ohio-2192, ¶ 12 ("[p]ermissive advancement is governed by R.C. 1701.13(E)(5)(b)"). Mark asserts that, based on the plain language of R.C. 1701.13(E)(5)(a), the trial court erred when it

determined that, even though he was a director of Jet Container, he was not entitled to the mandatory advancement of litigation expenses.

{¶ 13} In support, Mark relies on the Supreme Court of Ohio's decision in *Miller*, holding that "[a] corporation cannot avoid its duty to advance expenses to a director under R.C. 1701.13(E)(5)(a) by claiming that the director's alleged misconduct, if proven, would amount to a violation of his or her fiduciary duties and would therefore foreclose indemnification." *Miller* at paragraph one of the syllabus. Further, the Supreme Court held that "[w]hen a corporation has received from a director the undertaking described in R.C. 1701.13(E)(5)(a), the corporation is required to advance expenses to the director unless the corporation's articles or regulations specifically state that R.C. 1701.13(E) does not apply to the corporation." *Miller* at paragraph two of the syllabus. Here, the parties agree that Jet Container did not opt out of the mandatory advancement of expenses in its articles or regulations, and that Mark provided the undertaking described in R.C. 1701.13(E)(5)(a)(i) and (ii). Therefore, Mark asserts both the plain language of R.C. 1701.13(E)(5)(a) and the Supreme Court of Ohio's decision in *Miller* direct that Jet Container must advance litigation expenses to him to defend the claims raised in Jet Container's counterclaim.

{¶ 14} Jet Container responds that *Miller* is not applicable to the instant case because, unlike in *Miller*, Jet Container brought the counterclaim against Mark in his capacity as an officer of the corporation, not in his capacity as a director of the corporation. Jet Container acknowledges that *Miller* purports to specifically reject the argument that the director "was acting as an officer and was therefore not entitled to advancement of expenses." *Miller* at ¶ 40. However, Jet Container asserts this language is limited to the particular facts of *Miller* in which the Supreme Court expressly noted that "throughout this litigation [the corporation has] focused on whether [the director] is entitled to advancement of fees for his role as a director," and only asserted the argument the director was operating in his capacity as an officer for the first time on appeal to the Supreme Court, thereby finding the assertion to be "disingenuous." *Miller* at ¶ 41. Here, Jet Container maintains it has, throughout the pendency of the litigation, consistently framed its opposition to the advancement of expenses to Mark on the grounds that it brought the counterclaim against Mark the officer, not against Mark the director.

{¶ 15} The question before us, then, is whether the mandatory advancement provision of R.C. 1701.13(E)(5)(a) applies when an individual serves in a dual capacity as both a director and an officer of a corporation and the subject of the action is the director's conduct as an *officer* of the corporation, not his conduct as a *director* of the corporation. In denying Mark's motion for advancement of expenses, the trial court agreed with Jet Container that R.C. 1701.13(E)(5)(a) did not apply because Jet Container brought the counterclaim based on Mark's conduct as an officer of the corporation. Stated another way, the trial court concluded that it is not enough, under R.C. 1701.13(E)(5)(a) that Mark is a director of the corporation, that he provided the undertaking described in the statute, and that Jet Container had not opted out of mandatory advancement. Instead, the trial court found that for R.C. 1701.13(E)(5)(a) to apply, the subject of the action must specifically relate to the director's conduct as a director. We find the trial court's construction of R.C. 1701.13(E)(5)(a) imposes an additional requirement for its applicability in contravention of the plain language of the statute.

{¶ 16} In finding that Mark is not entitled to the mandatory advancement of expenses, the trial court construed the phrase "at the time of the director's act or omission that is the subject of an action, suit, or proceeding" as imposing a capacity limitation on the types of allegations for which a director is entitled to mandatory advancement. The trial court reads that phrase as applying only when the subject of the action is the director's act or omission *taken in his or her capacity as a director*. However, nothing in the text of R.C. 1701.13(E)(5)(a) premises a corporation's mandatory duty to advance expenses to a director on a requirement that the director's act or omission be taken in the director's official capacity as a director. To agree with the trial court's interpretation of R.C. 1701.13(E)(5)(a), we would have to add language to the statute that does not exist. The rules of statutory construction prohibit such a reading of the statute. *In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 10th Dist. No. 15AP-1146, 2017-Ohio-196, ¶ 38 ("[w]hen interpreting a statute, '[c]ourts may not delete words used or insert words not used' "), quoting *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 19; *In re Application of Columbus S. Power Co.*, 147 Ohio St.3d 439, 2016-Ohio-1608, ¶ 49 ("[b]ut in construing a statute, we may not add or delete words"); *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 23 ("court[s] must

give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly"). Rather, when a statute's meaning is "clear, unequivocal, and definite, then statutory interpretation ends, and the court applies the statute according to its terms." *Livingston Villa* at ¶ 38, citing *Columbia Gas* at ¶ 19, and *Hubbel v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11.

{¶ 17} Here, the plain language of the statute requires that Mark receive the mandatory advancement of expenses under R.C. 1701.13(E)(5)(a). The trial court's and Jet Container's construction of the statute ignores the remaining language in R.C. 1701.13(E)(5)(a). More specifically, the trial court's reading of the statute isolates the phrase "director's act or omission that is the subject of an action, suit, or proceeding" and ignores the language both immediately preceding that phrase and immediately following that phrase. In its relevant context, R.C. 1701.13(E)(5)(a) states "[u]nless *at the time* of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation,* * * expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action." (Emphasis added.) When read in context, it is clear that the director's act or omission is a reference to the timing of when a corporation needed to have opted out of the mandatory advancement requirement. *See Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16 (a court "must consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage"), citing *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, ¶ 34.

{¶ 18} Nonetheless, Jet Container asserts that its construction of R.C. 1701.13(E)(5)(a) as only applying to a director's act or omission taken in his capacity as a director gives effect to the entire statute. According to Jet Container, because directors are also included in the permissive advancement statute, R.C. 1701.13(E)(5)(b), the General Assembly must have intended the mandatory advancement statute to apply only when the director's act or omission was taken in his capacity as a director. Otherwise, Jet Container asserts, reading R.C. 1701.13(E)(5)(a) without the assumed capacity limitation renders the

reference to directors in R.C. 1701.13(E)(5)(b) duplicative and completely meaningless. Again, we disagree with Jet Container's reading of the statute.

{¶ 19} By its very terms, R.C. 1701.13(E)(5)(a) provides corporations with a method of opting out of the mandatory advancement requirement; that is, a corporation can explicitly state in its articles or regulations that mandatory advancement does not apply to it. In such a circumstance, then, a director could request from the corporation permissive advancement of expenses under R.C. 1701.13(E)(5)(b). Thus, the inclusion of directors in R.C. 1701.13(E)(5)(b) is not superfluous but is reflective of the plain meaning of R.C. 1701.13(E)(5)(a) and (b).

{¶ 20} Additionally, we note that elsewhere in R.C. Chapter 1701, the General Assembly expressly included a capacity limitation to the statute's application when a director is acting in his or her capacity as a director. In R.C. 1701.59, which governs the authority of corporate directors, the General Assembly specifically stated "[n]othing contained in division (D) or (E) of this section affects the duties of * * * [a] director who acts in any capacity other than the director's capacity as a director." R.C. 1701.59(G)(1). It is clear, therefore, that the General Assembly knows how to specifically limit a statute's application to a director acting in his capacity as a director. *See Hulsmeyer* at ¶ 27 (where the General Assembly, in the same bill, included a reporting requirement in one section of the statute but did not include the reporting requirement in another section of the statute, a court presumes that the absence of the reporting requirement is intentional). If the General Assembly had intended R.C. 1701.13(E)(5)(a) to apply only when the director was acting in his capacity as a director, it would have provided so expressly. *Id.* ("[i]f the General Assembly had intended to afford protection to only to [specific employees,] it could have done so by inserting" additional language, and a reviewing court "will not add those words by judicial fiat"). *See also State ex rel. Canales-Flores v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, ¶ 34-35 ("[i]f the General Assembly had intended to restrict [certain election] statutes to persons seeking more than one office at the same election, it would have done so with appropriate language").

{¶ 21} Having reviewed the statutory text, we conclude the plain language of R.C. 1701.13(E)(5)(a) does not require that the subject of the action be a director's act or omission taken in his capacity as a director. The applicability of R.C. 1701.13(E)(5)(a) does

not differ where the director serves in an additional capacity as an officer of the corporation and the substance of the allegations against the director relate to his non-directorial role. Here, Jet Container did not opt out of the mandatory advancement provision in its articles or regulations, and Mark submitted the undertaking described in R.C. 1701.13(E)(5)(a)(i) and (ii). Therefore, Mark was entitled to the advancement of expenses and Jet Container's statutory duty to advance those expenses arose upon receipt of Mark's undertaking. *Miller* at ¶ 54. Accordingly, we find the trial court erred when it denied Mark's motion for the advancement of expenses. We sustain Mark's sole assignment of error.

## IV. Disposition

{¶ 22} Based on the foregoing reasons, the trial court erred in denying Mark's motion for the advancement of litigation expenses. Having sustained Mark's sole assignment of error, we reverse the decision and entry of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and MENTEL, JJ., concur.

_____