[Cite as *Requa v. Conneaut City Aud.*, 2024-Ohio-1738.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

GENE REQUA,

      Appellant,

- vs -

CITY AUDITOR,
CITY OF CONNEAUT, et al.,

      Appellees.

CASE NO. 2023-A-0067

Administrative Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 00004

## O P I N I O N

Decided: May 6, 2024
Judgment: Affirmed

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Appellant).

*John D. Lewis*, Law Directory, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Appellee City Auditor, City of Conneaut).

*Dave Yost*, Ohio Attorney General, Staff Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Patrick MacQueeney*, Assistant Attorney General, 615 West Superior Avenue, 11th Floor, Cleveland, OH 44113 (For Appellee Director, Ohio Department of Job and Family Services).

JOHN J. EKLUND, J.

{¶1}  Appellant, Gene Requa, appeals the Ashtabula County Court of Common Pleas' affirming the Unemployment Compensation Review Commission's ("UCRC") disallowing his request for review.  For the following reasons, we affirm the common pleas court's judgment.

**{¶2}** Between February 2019 and August 2022, the City of Conneaut ("the City") employed Appellant as a planning and zoning inspector. In August 2022, the City terminated Appellant's employment. He applied for, and initially received, unemployment compensation. The City appealed the initial determination to the Department of Job and Family Services ("JFS"). JFS affirmed its initial determination finding that the City terminated Appellant without just cause.

**{¶3}** On October 14, 2022, the City appealed the redetermination, and the director transferred the case to the UCRC. The UCRC scheduled a telephone hearing to be held on November 2, 2022. On October 19, 2022, the UCRC sent hearing notices to all parties, including Appellant. The notices stated that the parties were required to call one of three toll-free numbers fifteen minutes before the hearing to make an appearance. Appellant did not appear at the hearing. The hearing officer attempted to call Appellant three times to no avail. On November 3, 2022, the UCRC reversed JFS' redetermination and found that Appellant did not have a successful claim for unemployment compensation because the City had terminated him for just cause.

**{¶4}** On November 17, 2022, Appellant filed a request for review of the UCRC's November 3 decision. In his request, among other reasons, Appellant asserted that he had good cause for failing to appear at the November 2, 2022 hearing and requested that the hearing be rescheduled. His stated reason for not appearing was that he did not receive the hearing officer's phone calls because his phone carrier treated the calls as "spam."

**{¶5}** On December 7, 2022, the UCRC issued a decision disallowing Appellant's request for review. The December 7 decision made no reference to Appellant's attempt

2

at showing good cause for failing to appear at the November 2 hearing and did not address the issue.

{¶6} On January 6, 2023, Appellant filed an administrative appeal of the UCRC's December 7 decision to the Ashtabula County Court of Common Pleas. On September 28, 2023, the common pleas court affirmed the UCRC's decision disallowing Appellant's request for review. The common pleas court's September 28 judgment found that Appellant did not demonstrate good cause for his failing to appear at the November 2 hearing. The court found that Appellant received proper written notice of the hearing, that he did not call-in as required, and that he did not return or accept the hearing officer's calls to appear at the hearing.

{¶7} Appellant timely appeals the Ashtabula County Court of Common Pleas' September 28, 2023 judgment entry affirming the UCRC's decision disallowing Appellant's request for review. He raises one assignment of error. It states, in pertinent part:

{¶8} "The trial court erred to the substantial prejudice of Appellant when it affirmed the decision of the UCRC disallowing Appellant's request for review * * *."

{¶9} A trial court and an appellate court employ the same, well-established standard of review in unemployment compensation appeals: "[A] reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995); R.C. 4141 .282(H). When a reviewing court (whether a trial or appellate court) applies this standard, it may not make factual findings or determine witness credibility. *Irvine v. State Unemployment Comp. Bd. of*

3

Case No. 2023-A-0067

*Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). Factual questions remain solely within the UCRC's province. *Tzangas* at 696. Thus, a reviewing court may not reverse the UCRC's decision simply because "reasonable minds might reach different conclusions." *Irvine* at 18. The focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's, not the trial court's, decision. *Moore v. Comparison Market, Inc.*, 9th Dist. Summit No. 23255, 2006-Ohio-6382, ¶ 8.

{¶10} Within his assignment of error, Appellant argues two reasons why the trial court erred in affirming the UCRC's decision. First, he contends that the UCRC did not consider his reasons for failing to appear at the November 2, 2022 hearing because it did not acknowledge or rule on the issue in its December 7, 2022 decision.

{¶11} Second, Appellant asserts that the trial court erred because the UCRC did not provide him with written notice of its finding that he did not demonstrate good cause for his nonappearance at the hearing. Appellant asks this court to reverse the trial court's decision and remand his claim for a rescheduled evidentiary hearing.

{¶12} We first find that Appellant did not timely show cause for his failing to appear at the November 2 hearing.

{¶13} R.C. 4141.281(D)(5) provides: "The commission shall vacate the decision upon a showing that written notice of the hearing was not sent to the appellee's last known address, or good cause for the appellee's failure to appear is shown to the commission within fourteen days after the hearing date."[1]

---

1. The Appellant in this appeal, Gene Requa, was the appellee at the November 2 hearing.

4

{¶14} Appellant did not show *any* cause for his failing to appear at the November 2 hearing within fourteen days after the hearing. Appellant filed his request for review on November 17, 2022, fifteen days after the hearing date. He only attempted to show cause within his request for review. Any showing of cause for not appearing at the November 2 hearing would have to have been shown on or before November 16, 2022. He did not.

{¶15} A request for review is also not the appropriate mechanism for showing good cause for failing to appear at a hearing.

{¶16} Pursuant to Ohio Adm.Code 4146-25-01, "A request for review to the review commission may be taken by any interested party by filing a request for review from a decision by a hearing officer. Any written notice stating that the interested party appeals from or desires a review of the decision of the hearing officer on a hearing officer level appeal shall constitute a request for review to the review commission."

{¶17} Ohio Adm.Code 4146-25-01 makes it clear that the purpose of a request for review is to review a decision made by the hearing officer. The hearing officer did not decide whether or not Appellant had shown good cause for his failure to appear at the hearing. The request for review was therefore not the proper mechanism for showing good cause. Procedurally, Appellant would have had to first show cause, receive a decision by the hearing officer, and then file his request to review that decision. Appellant did not follow that procedure. It is immaterial that the UCRC did not address Appellant's reasons for not appearing at the hearing because his showing of cause was untimely and not properly shown to the UCRC.

{¶18} It is also important to note that Appellant was not harmed by the UCRC's failure to address his argument that he did not appear at the hearing for good cause. The

5

trial court, on an administrative appeal from the UCRC's decision, considered Appellant's arguments and found that he did not show good cause for not appearing at the November 2 hearing.

{¶19} We next consider Appellant's assertion that pursuant to R.C. 4141.281(D)(5), the UCRC was required to provide him with written notice of its finding that he did not show good cause for his nonappearance at the hearing.

{¶20} We review questions of statutory interpretation de novo. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8.

{¶21} The subdivision Appellant cites to support his argument only applies to the appealing party. It provides: "If the commission finds that the appealing party's reason for failing to appear does not constitute good cause for failing to appear, the commission shall send written notice of that finding." R.C. 4141.281(D)(5)

{¶22} However, at the November 2, 2022 hearing, Appellant was the appellee. Subdivision (D)(6) provides the procedure for an appellee's nonappearance. It does not require the commission to send written notice of a finding that a party's reason for failing to appear does not constitute good cause. That requirement only applies to the appealing party, not the appellee.

{¶23} We will not apply subdivision (D)(5)'s requirement to a different subdivision where it was omitted. The General Assembly's "use of particular language to modify one part of a statute but not another part demonstrates that [it] knows how to make that modification and has chosen not to make that modification in the latter part of the statute." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26. Upon a de novo review, the UCRC was not required to provide

6

Case No. 2023-A-0067

Appellant with written notice of its finding that he did not show good cause for his not appearing at the hearing.

{¶24} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-A-0067