[Cite as *State v. Evans*, 2024-Ohio-5996.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 24AP-300 |
| | | (C.P.C. No. 23CR-0006) |
| Christopher C. Evans, | : | |
| Defendant-Appellee, | : | (REGULAR CALENDAR) |
| [J.D., | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on December 23, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly Bond*, for appellee State of Ohio. **Argued:** *Kimberly Bond*.

**On brief:** *Ohio Crime Victim Justice Center*, and *Elizabeth A. Well*, for appellant. **Argued:** *Elizabeth A. Well*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, J.D., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for access to a copy of the presentence investigation report prepared for the sentencing of defendant-appellee, Christopher C. Evans. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In January 2023, Evans was indicted on one count of aggravated vehicular assault, in violation of R.C. 2903.08, a third-degree felony, one count of failure to stop after

an accident, in violation of R.C. 4549.02, a fifth-degree felony, and two counts of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, both violations of R.C. 4511.19, and both being first-degree misdemeanors. Evans initially entered a plea of not guilty. On February 22, 2024, Evans pleaded guilty to a lesser included offense of the first count—vehicular assault, in violation of R.C. 2903.08, a fourth-degree felony. A nolle prosequi was entered as to the other counts. The same day, the trial court ordered the preparation of a presentence investigation report and scheduled the sentencing hearing for April 11, 2024. A presentence investigation report was prepared, and Evans' sentencing hearing occurred on April 11, 2024, as scheduled. On April 12, 2024, the trial court entered judgment and sentenced Evans to community control. A week later, J.D. filed a motion, pursuant to R.C. 2930.131, requesting a copy of the presentence investigation report. The trial court denied J.D.'s motion.

{¶ 3} J.D. timely appeals.

## II. Assignment of Error

{¶ 4} J.D. assigns the following sole assignment of error for our review:

> The trial court erred in its April 26, 2024 journal entry denying Victim-Appellant J.D.'s motion for access to the presentence investigation report, in violation of Victim-Appellant's right under R.C. 2930.131.

## III. Discussion

{¶ 5} In his sole assignment of error, J.D. alleges the trial court erred in denying his motion for access to the presentence investigation report prepared for Evans' sentencing. He argues he was entitled to access the report after the trial court imposed Evans' sentence. This assignment of error is not well-taken.

{¶ 6} This case presents a matter of statutory construction, which is a question of law subject to de novo review. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8; *Ohio Dept. of Adm. Servs. v. Fraternal Order of Police of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 12, citing *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 9. In ascertaining the meaning of a statute, a court's paramount concern is legislative intent. *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, ¶ 34, citing *State ex rel. Asberry v.*

*Payne*, 82 Ohio St.3d 44, 47 (1998). To discern legislative intent, a court first considers the statutory language, "reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, ¶ 40. A court may not insert or delete words in a statute. *See In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 10th Dist. No. 15AP-1146, 2017-Ohio-196, ¶ 38 ("[w]hen interpreting a statute, '[c]ourts may not delete words used or insert words not used' "), quoting *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 19; *In re Application of Columbus S. Power Co.*, 147 Ohio St.3d 439, 2016-Ohio-1608, ¶ 49 ("[b]ut in construing a statute, we may not add or delete words"); *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 23 ("court[s] must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly"). When a statute's meaning is "clear, unequivocal, and definite, then statutory interpretation ends, and the court applies the statute according to its terms." *Livingston Villa* at ¶ 38, citing *Columbia Gas* at ¶ 19, and *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11.

{¶ 7} It is undisputed that J.D. is a victim in this matter. *See* R.C. 2930.01(H) (for the purpose of Chapter 2930, "[v]ictim" has the same meaning as in Article I, Section 10a of the Ohio Constitution, which defines a "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act"). At issue is whether, under R.C. 2930.131, J.D., as a victim, was entitled to access Evans' presentence investigation report after sentencing. This statute states as follows:

> (A) If the presentence investigation report is made available to the defendant prior to the sentencing hearing, the court shall simultaneously provide a copy of the report to the prosecutor assigned to the case. If requested, the prosecutor shall promptly forward a copy of the report to the victim, victim's representative, and victim's attorney, if applicable, except those parts of the report that are redacted by the court or made confidential by law.

(B) If the court redacts any portion of the presentence investigation report, the court shall state on the record the court's reason for the redaction.

R.C. 2930.131. According to J.D., this statute does not limit a victim's access to a presentence investigation report to the time period before the sentence is imposed. We disagree.

{¶ 8} R.C. 2930.131 must be read in conjunction with R.C. 2951.03 and Crim.R. 32.2, which generally govern the preparation and handling of presentence investigation reports. R.C. 2951.03(A)(1) provides: "Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." *See* Crim.R. 32.2 ("[u]nless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases order a presentence investigation and report before imposing community control sanctions or granting probation"). "[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and any other matters specified in Criminal Rule 32.2." R.C. 2951.03(A)(1).

{¶ 9} The contents of a presentence investigation report are confidential information and not public records. R.C. 2951.03(D)(1). However, the "court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant * * * may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by" Crim.R. 32.2, R.C. 2951.03, R.C. 2953.08(F)(1), R.C. 2947.06, "or another section of the Revised Code." R.C. 2951.03(D)(1). Pursuant to R.C. 2951.03(B)(1), "the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report," but the court shall not permit the defendant or the defendant's counsel to read "any of the following: (a) [a]ny

recommendation as to sentence; (b) [a]ny diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant; (c) [a]ny sources of information obtained upon a promise of confidentiality; or (d) [a]ny other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person." R.C. 2951.03(B)(1). "Any material that is disclosed to the defendant or the defendant's counsel pursuant to this section shall be disclosed to the prosecutor who is handling the prosecution of the case against the defendant." R.C. 2951.03(B)(4).

{¶ 10} Neither a defendant, the defendant's counsel, nor the prosecutor assigned to the case, is permitted to copy or retain a presentence investigation report after the sentence is imposed. "Immediately following the imposition of sentence upon the defendant, the defendant or the defendant's counsel and the prosecutor shall return to the court all copies of a presentence investigation report and of any written summary of a presentence investigation report or part of a presentence investigation report that the court made available to the defendant or the defendant's counsel and to the prosecutor pursuant to this section." R.C. 2951.03(D)(2). A defendant, his or her counsel, and the prosecutor "shall not make any copies of the presentence investigation report." *Id.* "Except when a presentence investigation report or a written or oral summary of a presentence investigation report is being used for the purposes of or as authorized by" Crim.R. 32.2, R.C. 2951.03, R.C. 2953.08(F)(1), R.C. 2947.06, "or another section of the Revised Code, the court or other authorized holder of the report or summary shall retain the report or summary under seal." R.C. 2951.03(D)(3).

{¶ 11} Under this framework, access to, and the making of copies of a presentence investigation report is limited. If a presentence investigation report is prepared, the trial court, prior to sentencing, must provide copies to the defendant, his or her counsel, and the prosecutor assigned to the case. If the disclosure to the defendant occurs prior to the sentencing hearing, the prosecutor must receive a copy of the report at the same time and, if requested, the prosecutor must forward a copy of the presentence investigation report to a victim. Immediately after sentencing, all copies of the report provided to the defendant, his or her counsel, and the prosecutor, must be returned to the trial court. Because any copy forwarded to a victim necessarily must be first provided to the prosecutor by the trial

court, pursuant to R.C. 2930.03, this copy must be returned to the trial court immediately after sentence is imposed. Consequently, while a victim may obtain access to a defendant's presentence investigation report prior to sentencing, once the defendant's sentence is imposed, the copies provided to the parties, and derivatively to the victim, must be immediately returned to the trial court. In sum, a victim's access to a defendant's presentence investigation report pursuant to R.C. 2930.131(A) only applies when the prosecutor has access to the report prior to sentencing—which ends immediately after the trial court imposes the sentence.

{¶ 12} Here, J.D. filed his motion requesting access to Evans' presentence investigation report a week after the trial court imposed Evans' sentence. J.D. argues he took all necessary action to obtain access to the report pursuant to R.C. 2930.131(A). He suggests it was impractical for him to request court action earlier, asserting he did not know when the report was completed, and he did not want to "interrupt" the sentencing proceedings. (Reply Brief at 6.) Although, citing nothing in the record before this court, he further asserts that immediately after the sentencing hearing he requested the report from the prosecutor off the record, and the prosecutor refused to provide access to the report, directing him to the trial court for resolution. Thus, according to J.D., he directed his request to the trial court's attention as soon as practicable and consistent with what the law requires. We are unpersuaded.

{¶ 13} Although the record before us does not include a transcript of Evans' guilty plea hearing on February 22, 2024, the trial court's order filed the same day scheduling Evans' sentencing for April 11, 2024, reflects its ordering of a presentence investigation report. In view of that order, J.D. could have requested the prosecutor forward a copy of the presentence investigation report once the prosecutor received the report. Further, because J.D. acknowledges his awareness of the completed report during Evans' sentencing hearing, he could have, on the record, requested access to that report during that hearing. Instead, J.D. effectively forfeited his right to access the report by not timely raising the issue. Because J.D. was not entitled to access the presentence investigation report after the trial court imposed the sentence, we conclude the trial court properly denied his motion for such access filed a week after the sentence was imposed.

{¶ 14} Accordingly, we overrule J.D.'s sole assignment of error.

## IV. Disposition

{¶ 15} Having overruled J.D.'s sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

———————————————